EDWARDS, Judge.
The city of Houma, Louisiana, brought this suit against the Terrebonne Parish Police Jury seeking a declaratory judgment and injunctive relief concerning the question of whether or not the city may extend *1207 its gas utility lines outside its corporate limits without obtaining the consent of the Police Jury. The trial court rendered judgment in favor of the City of Houma declaring that the city could extend its gas utility lines beyond its corporate boundaries without the Police Jury’s permission, and enjoined the Police Jury from interfering with the city’s gas lines as extended. From this judgment, the Police Jury has appealed.
In its reasons for judgment the Trial Court set forth the following facts:
“For the record, the City of Houma is a municipal corporation organized and existing under the laws of the State of Louisiana, and the Terrebonne Parish Police Jury is a political subdivision of the State of Louisiana and is the governing body of Terrebonne Parish. Each public body engages in furnishing and supplying gas utility services to customers in Terre-bonne Parish.
“The facts which precipitated this controversy are as follows.
“Houma Home Builders, Inc. is the developer of a subdivision known as Summer-field Place Subdivision, Addendum Number Four (4), Terrebonne Parish, Louisiana, which subdivision is located in Terre-bonne Parish just outside the corporate limits of the City of Houma. The developer of the subdivision, desiring gas service, made a request of the City of Hou-ma for said service. The request for utility service to the subdivision was granted by the City on July 9, 1975. After payment of a construction charge or cost in the amount of $17,150.00, the City of Houma extended its gas service lines into the subdivision as requested by the developer, and the City did so without the consent or permission of the Police Jury. “Addendum Number Four (4) to Sum-merfield Place Subdivision is located a very short distance outside the corporate limits of the City of Houma, and is adjacent to a subdivision known as South-down West Subdivision. Southdown West is presently being served by gas utilities of said plaintiff municipality. Additionally, Addendum Number Four (4) to Summerfield Place is directly across the street and on the opposite side of the public highway known as St. Charles Avenue Extension, from a subdivision designated as Summerfield Place Subdivision, Addendum Number One (1), a subdivision also being served by plaintiff municipality with utility service. The City extended its gas lines into Addendum Number One (1) to Summerfield Place and Southdown West Subdivision without objection from and without having obtained the consent and permission of the Police Jury to do so.
“After installation of the utility service into Addendum Number Four (4) by the City of Houma, the developer then sought approval of the subdivision from the Police Jury, which approval is necessary in order for the developer to obtain Police Jury maintenance of the streets and drainage in said subdivision. At first the Police Jury refused to accept said subdivision on the basis that the City of Houma would be servicing gas customers in Addendum Number Four (4) to Summerfield Place Subdivision without having obtained permission and authority of the Police Jury to do so. Later, the subdivision was accepted and approved by the Jury. However, the Police Jury has taken the position that the City of Houma could not and cannot legally service Addendum Number Four (4) by extending its utility lines into said subdivision without the express consent of the Police Jury. As a result of this controversy, the City fears that the Police Jury will cut, tap, attach or in some other way connect its gas distributing system into the lines installed by the City in Addendum Number Four (4) to Summerfield Place. Accordingly, the City seeks a declaration of its legal rights and injunctive relief to prohibit the Police Jury from taking this type of injurious action, and a judicial determination of the validity of its actions in extending its gas utility lines into the subdivision.
“It is stipulated that the Police Jury had in the area or vicinity of the subdivision *1208 in question a gas line which could be used to service the resident customers in said subdivision, but the gas line is not now being used by the Police Jury to service any customer in that immediate area including adjacent subdivisions
“The legal question giving rise to this controversy involves three factual situations as follows:
(1) Can a municipality without the consent and permission of the police jury extend its utilities outside of its corporate boundaries into an area which is not now and has never been serviced by the facilities of the police jury ?
(2) Can a municipality without the consent and permission of the police jury extend its utilities outside of its corporate boundaries into an area which is not now being served by the police jury, but is an area where the policy jury has a gas line which could be used to service customers if the police jury desired to do so ?
(3) Can a municipality without the consent and permission of the police jury extend its utilities outside of its corporate boundaries into an area of the parish where the police jury has facilities and is operating and servicing the customers of that area, the city acting in competition with the enterprise being conducted by the police jury ?”
The trial court in rendering judgment for the City answered all three questions in the affirmative. We agree.
A city, such as the one in the instant ease, operating a gas utility system is granted express authority to extend the service, either within or without its corporate boundaries, by LSA-R.S. 33:1326, 33:4162, 33:4163 and 33:4281. These statutes provide in pertinent parts:
La.R.S. 33:1326: “Any parish or municipality operating a gas, water, or electric light or power system, sewerage plant, or transportation system, may extend such services to persons and business organizations located outside its territorial bounds, or to any other parish or municipality. Such extension shall be in accordance with the terms of service agreements entered into by the parish or municipality supplying the service and the persons, business organizations, parishes, or municipalities receiving the service.” (emphasis supplied).
La.R.S. 33:4162: “Any municipal corporation or any parish or any other political subdivision or taxing district authorized to issue bonds under Section 14 of Article 14 of the Constitution of Louisiana of 1921, may construct, acquire, extend or improve any revenue producing public utility and property necessary thereto, either within or without its boundaries, and may operate and maintain the utility in the interest of the public . . . (emphasis supplied)
La.R.S. 33:4163: “The municipal corporation, parish, political subdivision, or taxing district may sell and distribute the commodity or service of the public utility within or without its corporate limits and may establish rates, rules and regulations with respect to the sale and distribution.” (emphasis supplied)
La.R.S. 33:4281: “Any municipality having a population in excess of twenty-five thousand and less than two hundred fifty thousand owning and operating its electric power plant, waterworks, motor coach transportation, and sewerage system, may construct, maintain, extend, rehabilitate, enlarge or improve any municipally owned public utility either within or without its boundaries . . . ”
(emphasis supplied)
The broad right granted by the foregoing statutes is limited for the purposes of the instant case, only by LSA-R.S. 33:1328. There it is provided:
“No parish shall extend services into the bounds of another parish without the consent of such parish; and no city, town or village shall extend services into another city, town or village without the consent thereof.”
A careful reading of this and the previously quoted statutes leads to the unmistakable conclusion that the Police Jury’s permission is not a prerequisite to the extension by the City of its gas utility outside of *1209 its corporate boundaries. However, the Police Jury contends that LSA-R.S. 33:1326, providing that an extension of a utility be in accordance with a service agreement, should be interpreted to require its approval before the City extends its gas lines into the surrounding parish.
We find no support for the Police Jury’s position in LSA-R.S. 33:1326. The “service agreements” provided for by this provision are accords reached by the entity supplying the utility and the receiver of the utility service. The surrounding parish, into which the utility lines are extended, is not a necessary party to any such agreement.
Regarding the public policy argument put forth by the Police Jury, we adopt the views expressed by the trial judge:
“It may well be better public policy to limit the activity of a municipality since competition between public bodies in a situation of this kind perhaps may not be in the best interest of either public entity or the public who must ultimately suffer the consequences of any damage or loss which may occur. But public policy is not a matter which addresses itself to the court in a controversy of this kind. Rather, it is a matter to be resolved by the legislature of our state. The question of whether or not public bodies should compete or be allowed to compete against each other in utility service is a matter that addresses itself to the discretion of the legislature and not to the court. Apparently the legislature has not seen fit to restrict the activities of the municipality since the above cited statutory law satisfies this court that there is no such restriction against the city expanding its utility lines into the parish domain, and the city may do so without the consent or permission of the police jury.”
We do not reach the Police Jury’s contention regarding the illegality of the utility right of way since this issue was not raised in the trial court and is not properly before this Court.
For the reasons assigned the judgment of the trial court is affirmed. Appellant is liable only for those costs provided for by law.
AFFIRMED.