Dear Mayor Henagan:
This office is in receipt of your opinion request under facsimile dated April 1, 1993, which has been assigned to me for further review. We restate the facts and issues raised in your request.
The City of DeQuincy plans to extend its gas utility lines outside its corporate limits into the Hargrove Settlement. The City has determined the project is economically feasible provided that the lines can be run along the parish roads. The Calcasieu Parish Police Jury has already executed contracts for an overlay project in this area, and the parish contractor will be moving on site in three weeks.
You advise that if the pipeline extension is not completed prior to the institution of the overlay project, the cost to the municipality will be increased by at least fifty percent. Because of these circumstances, the city desires to invoke the emergency provisions of the Public Bid Law, allowing the city to proceed without following the advertisement and bidding requirements set forth in the statutes, LSA-R.S. 38:2211, et. seq. Finally, you advise that the work would be accomplished by a combination of the city crews, contract labor and materials. The total cost of the project would be less than $50,000.00.
At the outset, we note that the parish police jury's permission is not a prerequisite to the extension by the city of its gas utility lines outside its corporate boundaries. A municipality operating a gas utility system is granted express authority to extend the service, either within or without its corporate boundaries, by LSA-R.S. 33:1326, LSA-R.S. 33:4162, LSA-R.S. 33:4163 and LSA-R.S. 33:4281; see also the case of City of Houma v. Terrebonne Parish Police Jury, 345 So.2d 1206
(La.App. 1st Cir. 1977). This authority is limited by LSA-R.S.33:1328, which provides:
 "No parish shall extend services into the bounds of another parish without the consent of such parish; and no city, town, or village shall extend services into another city, town, or village without the consent thereof."
You advise that no difficulty exists in this regard, as the Hargrove Settlement community has requested this action.
The Public Bid Law, LSA-R.S. 38:2212, et. seq., states, in pertinent part:
 "A.(1)(a) All public work exceeding the contract limit as defined herein, including labor and materials, and all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this part. However, purchases of five thousand dollars or more, but less than ten thousand dollars shall be made by obtaining not less than three telephone or facsimile quotations. . . ."
"Public work" means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S.38:2211(10). The term "contract limit" is equal to the sum of thirty thousand dollars. LSA-R.S. 33:2212(A)(1)(d). Therefore, all public work exceeding the $30,000.00 contract limit, and all purchase of materials and supplies exceeding $10,000.00 must be advertised and bid.
There is an exemption applicable in this instance provided by LSA-R.S. 38:2212(E)(1)(b):
 "The provisions of this Section shall not prevent municipalities, police juries, or other governmental entities from using their own regular maintenance employees for labor necessary in the maintenance, construction, or extension of municipally or governmentally owned and operated electric public utilities. With respect to the construction or extension of all other public utilities, the provisions of this Section shall not prevent municipalities, police juries, or other governmental entities from using their own regular maintenance employees when the cost of the work per project does not exceed fifty thousand dollars, including both labor and materials. All purchases of materials or supplies exceeding the sum provided for in Subsection A shall be let by public bid as provided in this Part." (Emphasis added).
Pursuant to LSA-R.S. 38:2212(E)(1)(b) above, construction or extension of gas public utilities with total costs of less than $50,000.00 may be built by the municipal regular maintenance employees, provided however, that if the cost of the materials exceeds $10,000.00, such materials must be let by public bid.
You state that the work is to be accomplished by a combination of the city crews and contract labor and materials. Please note that if contract labor is to be utilized, the following provisions apply:
 "Those contracts let by any public entity, other than the division of administration, for public works aggregating less than the contract limit as defined herein, but in excess of ten thousand dollars, shall be advertised and let by contract to the lowest responsible bidder if the public entity, subject to the restrictions contained in Paragraph E(2) of this Section elects not to perform the work with its own employees." LSA-R.S. 38:2212(B); (Emphasis added).
Based on the foregoing cited authority, it appears that the public work project you propose is subject to the bidding and advertisement requirements imposed by statute. The only available exemption in this instance for the city to avoid the bidding process is contained within the emergency provisions of the public bid law. LSA-R.S. 38:2212(D)(1) provides:
 "This Section shall not apply in cases of extreme public emergency where such emergency has been certified to by the public entity and notice such public emergency shall, within ten days thereof, be published in the official journal of the public entity proposing or declaring such public emergency."
"Emergency" is defined as:
 "An emergency means an unforeseen mischance bringing with it destruction or injury of life or property or the imminent threat of such destruction or injury or as the result of an order from any judicial body to take any immediate action which requires construction or repairs absent compliance with the formalities of this Part, where the mischance or court order will not admit of the delay incident to advertising as provided in this Part. In regard to a municipally owned public utility, an emergency shall be deemed to exist and the public entity may negotiate as provided by R.S. 38:2212D for the purchase of fuel for the generation of its electric power where the public entity has first advertised for bids as provided by this Part but has failed to receive more than one bid." LSA-R.S. 38:2211(A)(6); (Emphasis added).
In prior opinions, this office has recognized that the Public Bid Law is prohibitory in nature, enacted in the interest of taxpaying citizens to insure public accountability and protection in the award of such contracts. Any exception in such an act in furtherance of public policy must be narrowly construed. Attorney General Opinion Number 90-583, enclosed.
The emergency defined in the statute refers not only to "an unforeseen mischance", but one that brings with it "destruction or injury of life or property or the imminent threat of such destruction or injury." This office is of the opinion that the situation you present is not encompassed within the exemption. Unfortunately, adverse fiscal impact caused by the delay is not a definitive basis invoking this exemption.
Again, it is the opinion of this office that the emergency exemption may not be invoked in this instance. It will be necessary to proceed with the advertising and bidding requirements provided by statute.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0229E